# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**

v.                    CASE NO. 4:91-CR-00036 GTE

**BARBARA BARHAM**

## ORDER

Presently before the Court are Defendant Barbara Barham's *pro se* Motion for Expungement and Sealing of Records and Application to Proceed *In Forma Pauperis*.

A district court has the power to expunge a criminal record under the Civil Rights Act,[1] the habeas corpus statutes,[2] the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error *coram nobis* [3] to correct an unlawful conviction, or the Constitution itself.[4] *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000). Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct

---

[1] *See* 42 U.S.C. §§ 1971, 1983, 1985; *see, e.g., Maurer,* 691 F.2d at 437; *Shipp,* 568 F.2d at 134; *United States v. McLeod,* 385 F.2d 734, 738-39, 749-50 (5th Cir.1967).

[2] *See* 28 U.S.C. §§ 2254, 2255; *see, e.g., Bromley v. Crisp,* 561 F.2d 1351, 1354, 1364 (10th Cir.1977); *Woodall v. Pettibone,* 465 F.2d 49, 50, 52 (4th Cir.1972).

[3] *See* 28 U.S.C. § 1651; *see, e.g., Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987).

[4] *See Menard v. Saxbe,* 498 F.2d 1017, 1022-23 (D.C.Cir.1974); *Sullivan v. Murphy,* 478 F.2d 938, 960 (D.C.Cir.1973); *Paton v. La Prade,* 524 F.2d 862, 865, 868 (3d Cir.1975).

1

an inaccurate government record,[5] and it has provided federal courts with limited jurisdiction to grant a new trial,[6] to correct a sentence,[7] or to reduce a sentence to reflect the assistance that a defendant has given the Government.[8] *Id*. However, it is clear that federal district courts lack subject matter jurisdiction to expunge a criminal record based solely on equitable grounds. *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006). "[A] district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014.

The Court's records indicate that Defendant was convicted of Attempted Bank Robbery on September 16, 1991. On January 30, 1992, she was placed on probation for 36 months, and a $50 special assessment was imposed. On March 19, 2007, Defendant filed her Motion for Expungment and Sealing of Records, which states, "This is a petition for expungement and sealing of records for Barbara Barham case number LR-CR-91-36." Defendant has not stated any grounds for expungement. Therefore, Defendant's motions are denied.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion for Expungement and Sealing of Records (Docket No. 29) be, and it is hereby, DENIED.

---

[5]*See* 21 U.S.C. § 844(b)(2); 5 U.S.C. § 552a; *see, e.g., Scruggs v. United States,* 929 F.2d 305, 306 (7th Cir.1991).

[6]*See* Fed.R.Crim.P. 33.

[7]*See* 18 U.S.C. 3582(c); Fed.R.Crim.P. 35(a), (c).

[8]*See* Fed.R.Crim.P. 35(b).

IT IS FURTHER ORDERED THAT Defendant's Application to Proceed without Prepayment of Fees (Docket No. 30) be, and it is hereby, DENIED.

Dated this 20th day of March, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE